No. 26-2490

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**DIRECTV, LLC, ET AL.,**
*Plaintiffs-Appellees*,

v.

**NEXSTAR MEDIA GROUP, INC., ET AL.,**
*Defendants-Appellants*.

*Appeal from an Order Granting a Preliminary Injunction by the United States District Court for the Eastern District of California, Case No. 2:26-cv-00976-TLN-CKD, Chief Judge Troy L. Nunley*

## APPELLEES' RESPONSE TO MOTION TO EXPEDITE

Rob Bonta
ATTORNEY GENERAL
Paula Blizzard
SENIOR ASSISTANT ATTORNEY GENERAL
Emily C. Curran
DEPUTY ATTORNEY GENERAL
455 Golden Gate Ave. Suite 11000
San Francisco, CA 94102
(415) 510-3945
Emily.Curran@doj.ca.gov

Benjamin J. Horwich
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
(415) 512-4000
Ben.Horwich@mto.com

*Counsel for Plaintiff-Appellee*
*State of California*

*Counsel for Plaintiff-Appellee*
*DIRECTV, LLC*

*Additional counsel listed on signature page*

## INTRODUCTION

Appellants-Defendants Nexstar and TEGNA seek to expedite the hearing of their appeal of the scope of a preliminary injunction entered by the District Court. They apparently seek expedition beyond what is already provided by Circuit Rule 34-3 and General Order 3.3(f). But Appellants do not clearly explain what that would be—at one point asking for assignment "to the next available panel" (which is typically one available roughly ten weeks after briefing is complete) but also requesting "an argument date in August 2026" (for briefing that will be complete on July 8, 2026). Mot. 1, 12.

Relief beyond the normal expedited assignment process is unwarranted because Appellants do not explain why any additional expedition is warranted, or even identify any particular date by which this appeal must be resolved. Accordingly, Appellees respectfully suggest that this appeal simply be accorded the expedition typical for preliminary injunction appeals under Circuit Rule 34-3 and General Order 3.3(f).

## BACKGROUND

The order on appeal directs Nexstar and TEGNA to hold their assets separate pending a trial on the merits of Appellees' claims that

Nexstar and TEGNA's merger is unlawful.  Nexstar and TEGNA do not contest that Appellees have shown that Appellees will likely succeed in demonstrating that Nexstar and TEGNA's merger is unlawful under Section 7 of the Clayton Act, 15 U.S.C. § 18; that Appellee DIRECTV and consumers in the Appellee States will be harmed; and that the balance of equities and public interest favor a preliminary injunction. Mot. 1.  Accordingly, there is no dispute that, pending trial, a preliminary injunction should remain in place requiring that Nexstar and TEGNA refrain from integrating certain assets until the merger can be evaluated on the merits and an appropriate final judgment entered.  *Id.*  As relevant to this motion, Nexstar and TEGNA challenge only the scope of the injunction.

Ordinarily, the closing of a transaction likely to violate the Clayton Act would be enjoined until an antitrust challenge to the merger could be heard on the merits.  Here, Appellants rushed to close their merger despite Appellees' pending lawsuits seeking to enjoin it and despite repeated requests from Appellees that Appellants enter a timing agreement to allow orderly judicial review.  1-ER-8, 6-ER-1163, 9-ER-1865-66, 10-ER-2149.  Nexstar and TEGNA now argue that they

- 2 -

should nonetheless be permitted to combine substantial portions of their operations while the suit proceeds, Opening Br. 33–34, and they seek expedited consideration to avoid the purported irreparable harm— very much of their own making—from not being able to integrate before full judicial review of the transaction, Mot. 7.

## DISCUSSION

Circuit Rule 34-3 gives "hearing or submission priority" to civil appeals involving "[a]pplications for temporary or permanent injunctions." As the Court has already recognized in establishing an expedited briefing schedule, this is such a case, and it should be accorded that priority.

Appellants do not clearly explain what more they want. Appellants acknowledge General Order 3.3(f), which provides for assignment "to the next available panel in the administrative unit…where the panels sitting for that calendar have not yet been assigned." General Order 3.3(f). Consistent with Circuit Rule 34-3, that expedition process provides priority over nearly all other civil appeals, but without disrupting already-established calendars. Appellants do not explain why that would be inadequate.

- 3 -

Appellants state that they seek "[s]pecifically, …an argument date in August 2026—shortly after the reply brief filed on July 8, 2026." Mot. 1.  That is likely still more expedited than expedited assignment under General Order 3.3(f).  This Court's practices do provide for such extremely expedited consideration for "Urgent Cases," in which a case may be assigned to a calendar even if "the panels sitting for that calendar have already been assigned their cases."  General Order 3.3(g).  But that designation applies only in "extraordinary cases" in which an appeal must be heard "within a specified time period."  *Id.*  Significantly, Appellants do not contend that their appeal is an Urgent Case.  They do not (and cannot) identify any "specified time period" within which their appeal must be heard for relief to be meaningful.  Nor do they explain why this transaction is meaningfully different than any other merger in which parties must wait for an antitrust claim to be adjudicated before they may combine operations.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 607 n.5 (1966) ("If consummation of the merger is not restrained," "inability to unscramble merged assets frequently prevents entry of an effective order of divestiture.").

- 4 -

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court calendar argument in this case in the normal course, consistent with Circuit Rule 34-3 and General Order 3.3(f).

Respectfully submitted,

May 28, 2026

/s/ *Benjamin J. Horwich*

Paul J. Watford
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071

Paul Alessio Mezzina
Emily Blackburn
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006

Olivier N. Antoine
KING & SPALDING LLP
1290 Avenue of the Americas
14th Floor
New York, New York 10104

Matthew Noller
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111

Benjamin J. Horwich
Justin P. Raphael
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
(415) 512-4000
Ben.Horwich@mto.com

Glenn D. Pomerantz
Kuruvilla J. Olasa
Robert E. Bowen
Adeel Mohammadi
Liam Gennari
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, California 90071

Xiaonan April Hu
Munger, Tolles & Olson LLP
601 Massachusetts Ave. NW,
Suite 500E
Washington, D.C. 20001

*Counsel for Plaintiff-Appellee DIRECTV, LLC*

- 5 -

May 28, 2026

/s/ *Emily C. Curran*

Rob Bonta
*Attorney General of California*
Paula Blizzard
*Senior Assistant Attorney General*
Brent K. Nakamura
*Supervising Deputy Attorney General*
Emily C. Curran
Henry J. Hauser
Laura Antonini
Connie P. Sung
Elizabeth Cheever
Jennifer Kasuko Hane
*Deputy Attorneys General*
455 Golden Gate Ave. Suite 11000
San Francisco, CA 94102
(415) 510-3945
Emily.Curran@doj.ca.gov

*Counsel for Plaintiff-Appellee State of California*
[Additional signatures on following pages]

- 6 -

/s/ Bryn Williams
Bryn A. Williams
First Assistant Attorney General
Jonathan B. Sallet
Special Assistant Attorney General
Robin Alexander
Assistant Attorney General
Amy Bowles
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 702-508-6000
Email:  Bryn.Williams@coag.gov
        Jon.Sallet@coag.gov
        Robin.Alexander@coag.gov
        Amy.Bowles@coag.gov

*Attorneys for Plaintiff-Appellee State of Colorado*


/s/ Julián A. Quiñones Reyes
Julián A. Quiñones
Assistant Attorney General
Nicole Demers
Deputy Associate Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: Julian.Quinones@ct.gov

*Attorneys for Plaintiff-Appellee State of Connecticut*


/s/ Alex Hemmer
Alex Hemmer

Office of the Attorney General of Illinois
115 S. LaSalle Street, 23rd Floor
Chicago, Illinois 60603
Telephone: (312) 814-5226
Email: Alex.Hemmer@ilag.gov

*Attorney for Plaintiff-Appellee State of Illinois*


*/s/ Judith Vale*
Judith Vale
Senior Assistant Solicitor General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: 212-416-6274
Email: Judith.Vale@ag.ny.gov

*Attorney for Plaintiff-Appellee State of New York*


*/s/ Brian D. Rabinovitz*
Brian D. Rabinovitz
Special Deputy Attorney General
North Carolina Office of the Attorney General
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: 919-716-6863
Email: Brabinovitz@ncdoj.gov

*Attorney for Plaintiff-Appellee State of North Carolina*


*/s/ Jordan R. Silk*
Jordan R. Silk
Oregon Department of Justice
1162 Court Street, NE
Salem OR 97301

- 8 -

Email: Jordan.R.Silk@doj.oregon.gov

*Attorney for Plaintiff-Appellee State of Oregon*


/s/ *Tyler T. Henry*
Tyler T. Henry
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: 804-692-0485
Email: THenry@oag.state.va.us

*Attorney for Plaintiff-Appellee Commonwealth of Virginia*

- 9 -

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s) 26-2490**

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned counsel hereby certifies that this response complies with the type-volume limitation Rule 27(d)(2). As measured by the word-processing system used to prepare this response, there are 765 words in the response excluding the parts of the response exempted by Fed. R. App. P. 32(f).

May 28, 2026                                    /s/ _Benjamin J. Horwich_

- 10 -