**No. 26-2490**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DIRECTV, LLC ET AL., *Plaintiffs-Appellees*,

v.

NEXSTAR MEDIA GROUP, INC. ET AL., *Defendants-Appellants*.

Appeal from the U.S. District Court for the Eastern District of California,
No. 2:26-cv-00976-TLN-CKD, Hon. Troy L. Nunley

## REPLY IN SUPPORT OF MOTION TO EXPEDITE ORAL ARGUMENT FOR EARLIEST AVAILABLE DATE AFTER BRIEFING

DARALYN J. DURIE
ELIOT A. ADELSON
CASSANDRA J. LINCOLN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

ALEXANDRA M. AVVOCATO
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

DEANNE E. MAYNARD
ALEXANDER OKULIAR
JOSEPH R. PALMORE
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
(202) 887-8740
DMaynard@mofo.com

*Counsel for Defendants-Appellants*

MAY 29, 2026

Nexstar's request is clear: it seeks the earliest available oral argument date, preferably in August 2026. Mot.1. Despite expressing confusion on this point, Plaintiffs quote that specific request. Resp.4. Nexstar's reasons for its request are equally clear. With each passing day, the overbroad preliminary injunction inflicts severe and compounding harm on Nexstar and the very TEGNA assets the injunction purports to protect. Mot.7-10.

As Nexstar's motion and opening brief explained—and Plaintiffs' response nowhere disputes—the injunction reflects a fundamental mismatch between Plaintiffs' locality-based antitrust theories and the sweeping nationwide, enterprise-wide relief the district court issued before any determination on the merits. Mot.5-6; Opening.Br.29-36. Plaintiffs' theory of antitrust harm turns on only 31 of 210 localities nationwide. Yet the district court's nationwide hold-separate order derails Nexstar and TEGNA's entire corporate integration, reaching stations outside the allegedly affected localities, business areas unrelated to putative antitrust harms to retransmission negotiations and local news, and even critical technological upgrades that would improve former TEGNA station services. Mot.5-6; Opening.Br.29-34.

The preliminary injunction forces a combined company to operate separately—requiring duplicative functions, delaying strategic initiatives, and blocking coordination across critical corporate areas. Mot.7; Opening.Br.40. That has caused Nexstar to lose tens of millions of dollars in operational efficiencies that

cannot be recaptured—a number growing by the day. Mot.7; Opening.Br.40. The injunction also creates instability leading to key employee attrition; hampers recruitment; degrades business relationships; and blocks TEGNA from accessing resources and benefits the transaction was designed to deliver—or even making any changes TEGNA may deem necessary to survive in the competitive landscape. Mot.7-9; Opening.Br.40-42. The harms from those sweeping prohibitions are already occurring.

This appeal seeks targeted relief from this overbroad injunction while this case proceeds: narrowing the scope of the injunction to match Plaintiffs' alleged harms and addressing State Plaintiffs' lack of standing. As Nexstar explained in its motion, and Plaintiffs do not dispute, hearing such a focused appeal on a more expedited schedule than some other preliminary-injunction appeals should not overly burden the Court. Mot.10-11.

Plaintiffs attempt to liken this case to pre-merger hold-separate orders. *See* Resp.4. But Nexstar and TEGNA have already merged, and the integration cannot be frozen without causing significant harm to Nexstar and the TEGNA assets the injunction purports to protect. Opening.Br.40-43. The merger closed after both DOJ and the FCC cleared the transaction; Nexstar and TEGNA had no obligation to wait to close such a federally approved merger at the behest of a competitor and a handful

2

of States, all of which had known about the pending transaction for months but waited until the eve of the merger to sue. Opening.Br.16; *contra* Resp.2-3.

As Plaintiffs acknowledge, this Court hears urgent preliminary-injunction appeals even more quickly than under the default preliminary-injunction schedule. Resp.4. Plaintiffs offer no real reason why this case should not be heard in August 2026 or at the earliest available date. Nor could they. Plaintiffs demanded and obtained extraordinary speed below, receiving this sweeping preliminary injunction only 30 days after filing suit. 1-ER-49-53; 13-ER-3057; 18-ER-4355. They filed this action on the night of March 18, 2026, obtained a temporary restraining order nine days later, and were heard by the district court on their motion for a preliminary injunction only 11 days after that. 2-ER-109; 8-ER-1742-45; 13-ER-3057; 18-ER-4355.

Finally, Plaintiffs apparently agree that oral argument in this case should be set no later than one of this Court's September sittings. *See* Resp.1, 3 (acknowledging this Court's General Orders would provide for assignment of this case to the "next available panel," which would result in a sitting date 10 weeks after completion of briefing); *Oral Arguments Calendar* (last updated May 28, 2026), https://www.ca9.uscourts.gov/cases/calendar. Yet they point to no harm to themselves from an earlier hearing—and leave uncontested the harm to Nexstar that increases with each passing day.

## CONCLUSION

Nexstar urges the Court to set oral argument for the earliest available date following the conclusion of briefing, preferably in August 2026.

Dated:  May 29, 2026

Respectfully submitted,

/s/ Deanne E. Maynard

DARALYN J. DURIE
ELIOT A. ADELSON
CASSANDRA J. LINCOLN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

DEANNE E. MAYNARD
ALEXANDER OKULIAR
JOSEPH R. PALMORE
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
(202) 887-8740
DMaynard@mofo.com

ALEXANDRA M. AVVOCATO
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations and typeface and type style requirements of the Federal Rules of Appellate Procedure and 9th Circuit Rules because it has been prepared using a proportionally spaced typeface, including serifs, in 14-point Times New Roman font using Microsoft Word and does not exceed 10 pages, excluding the parts exempted by the Rules.

Dated: May 29, 2026

/s/ Deanne E. Maynard
Deanne E. Maynard

MF-370809663