MORRISON FOERSTER

2100 L STREET, NW
SUITE 900
WASHINGTON
DC 20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SEATTLE, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

August 19, 2026

Writer's Direct Contact
+1 (202) 887-8740
DMaynard@mofo.com

Via ACMS

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
Office of the Clerk
P.O. Box 193939
San Francisco, CA 94119-3939

**Re: *DirecTV, LLC v. Nexstar Media Group, Inc.*, No. 26-2490**
**Response to Plaintiffs' Rule 28(j) Notice of Supplemental Authority**

Dear Clerk Dwyer:

The clarification order underscores the preliminary injunction's impermissible overbreadth.

The antitrust harms Plaintiffs allege—higher retransmission rates and "degraded" local news—are based entirely and exclusively on Nexstar's increased ownership of Big-Four stations in only 31 DMAs. Yet the preliminary injunction froze integration of all Nexstar and former-TEGNA's nationwide businesses, reaching unrelated stations, operations, and corporate functions. An injunction limited to the challenged functions or stations in the 31 overlap-DMAs

would remedy the alleged harms—and is the most the law allows. Opening.Br.29-36; Reply.Br.4-7.

The clarification order reinforces the need for this Court's intervention. *Contra* Pls.Ltr.2. The injunction expressly allows Nexstar to "take actions necessary to establish a functional governance structure for TEGNA," including appointing officers and ensuring compliance with interim-operating covenants, provided no Nexstar-affiliated personnel serve as TEGNA "officers." 1-ER-51-52. Consistent with that language and the injunction's distinct use of "officers" and "directors" (1-ER-52), Defendants believed in good faith that Nexstar personnel—several of whom had been publicly appointed as directors before the injunction—could serve on TEGNA's Board of Directors to take those corporate actions, which are unrelated to the challenged functions. In rejecting Nexstar's textual reading, the clarification order deemed it contrary to the injunction's "spirit." Order.4-6.

Defendants maintain their interpretation of the injunction was reasonable, as the need for clarification supports. *Contra* Pls.Ltr.1-2. More fundamentally, the clarification order highlights that the injunction sweeps well beyond

Plaintiffs' narrow, localized allegations. Defendants' alternatives would allow Big-Four-overlap stations and/or functions (retransmission-consent negotiations and local-news production) to operate independently while permitting corporate integration. These alternatives would be more administrable than the current injunction, which establishes artificial corporate divisions within already-combined companies. Opening.Br.33-35, 40-43; *contra* Pls.Ltr.1. Nexstar's corporate-level oversight of TEGNA preserves TEGNA's viability and the availability of Big-Four-overlap-station divestiture—the broadest remedy Plaintiffs could obtain given the nature of their claims and established broadcast-merger-review practice. Opening.Br.36-39.

Finally, the clarification order confirms Defendants preserved their overbreadth challenge, refuting Plaintiffs' forfeiture arguments. DIRECTV.Br.39, 42; States.Br.25-27. The order expressly recognizes "Defendants sought to narrow any injunction to specific market areas" and the preliminary-injunction decision "rejected Defendants' proposal." Order.7. This appeal contests that rejection.

Dated: August 19, 2026

Respectfully submitted,

/s/ Deanne E. Maynard

Deanne E. Maynard

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations and typeface and type style requirements of the Federal Rules of Appellate Procedure and Ninth Circuit Rules because it has been prepared using a proportionally spaced typeface, including serifs, in 14-point Times New Roman font using Microsoft Word and contains 350 words, excluding the parts of the filing excepted by the Rules.

Dated: August 19, 2026

/s/ Deanne E. Maynard
Deanne E. Maynard

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system on August 19, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished with the ACMS system.

Dated: August 19, 2026

/s/ Deanne E. Maynard
Deanne E. Maynard

MF-373853589